MATTHEW D. ZINN (CA Bar No. 214587)
Zinn@smwlaw.com
LAUREN M. TARPEY (CA Bar No. 321775)
Ltarpey@smwlaw.com
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:(415) 552-7272
Facsimile: (415) 552-5816

BAYRON T. GILCHRIST (CA Bar No. 212393)
General Counsel
BARBARA BAIRD (CA Bar No. 81507)
Chief Deputy District Counsel
SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT
21865 Copley Drive
Diamond Bar, California 91765
Telephone: (909) 396-3400
Facsimile: (909) 396-2961
bghilchrist@aqmd.gov

Attorneys for Defendant South Coast Air
Quality Management District

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RINNAI AMERICA CORP., et al, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, <br><br> Defendant. | Case No. 2:24-cv-10482 PA (PDx) <br><br> **DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> The Hon. Percy Anderson |

Defendant South Coast Air Quality Management District (the "District") answers the Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") filed by Plaintiffs Rinnai America Corp. et al. ("Plaintiffs") on December 17, 2024, as follows:

## ANSWERING INTRODUCTION

1.    In response to Paragraph 1, the District admits that the Court has federal question jurisdiction under 28 U.S.C. § 1331 to resolve this dispute. The District denies the remaining allegations in Paragraph 1.

2.    In response to Paragraph 2, the District denies the allegations in that paragraph.

3.    In response to Paragraph 3, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of that paragraph and on that basis denies them. The District denies the remaining allegations in Paragraph 3.

4.    In response to Paragraph 4, the District denies the allegations in that paragraph.

5.    In response to Paragraph 5, the District asserts that the statute quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 5.

6.    In response to Paragraph 6, the District asserts that the case quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 6.

7.    In response to Paragraph 7, the District denies the allegations in that paragraph.

## ANSWERING JURISDICTION

8.    In response to Paragraph 8, the District admits the allegations in that paragraph.

**ANSWERING VENUE**

9.    In response to Paragraph 9, the District admits that the District resides in the Central District of California within the meaning of 28 U.S.C. § 1391(c)(2) and that venue in the Central District of California is appropriate.

**ANSWERING PARTIES**

10.    In response to Paragraph 10, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

11.    In response to Paragraph 11, the District denies the allegations in that paragraph.

12.    In response to Paragraph 12, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

13.    In response to Paragraph 13, the District denies the allegations in that paragraph.

14.    In response to Paragraph 14, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

15.    In response to Paragraph 15, the District denies the allegations in that paragraph.

16.    In response to Paragraph 16, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

17.    In response to Paragraph 17, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

18.    In response to Paragraph 18, the District denies the allegations in that paragraph.

19.     In response to Paragraph 19, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

20.     In response to Paragraph 20, the District denies the allegations in the first and second sentences of that paragraph. The District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 20 and on that basis denies them.

21.     In response to Paragraph 21, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

22.     In response to Paragraph 22, the District denies the allegations in that paragraph.

23.     In response to Paragraph 23, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

24.     In response to Paragraph 24, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth and sixth sentences of that paragraph and on that basis denies them. The District denies the remaining allegations in Paragraph 24.

25.     In response to Paragraph 25, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

26.     In response to Paragraph 26, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of that paragraph and on that basis denies them. The District denies the remaining allegations in Paragraph 26.

27.     In response to Paragraph 27, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

second sentences of that paragraph and on that basis denies them. The District denies the remaining allegations in Paragraph 27.

28.    In response to Paragraph 28, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

29.    In response to Paragraph 29, the District denies the allegations in that paragraph.

30.    In response to Paragraph 30, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

31.    In response to Paragraph 31, the District denies the allegations in that paragraph.

32.    In response to Paragraph 32, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis denies them.

33.    In response to Paragraph 33, the District denies the allegations in that paragraph.

34.    In response to Paragraph 34, the District denies the allegations in that paragraph.

35.    In response to Paragraph 35, the District admits the allegations in that paragraph.

36.    In response to Paragraph 36, the District admits that it asserts that Rule 1146.2 is lawful and enforceable. Except as so admitted, the District lacks sufficient knowledge or information to form a belief as to the truth of the remining allegations in Paragraph 36 and on that basis denies them.

37.    In response to Paragraph 37, the District denies the allegations in that paragraph.

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

38.    In response to Paragraph 38, the District lacks sufficient knowledge
or information to form a belief as to the allegations in the first sentence of that
paragraph and on that basis denies them. The District denies the allegations
in the second sentence of Paragraph 38.

## ANSWERING ALLEGATIONS

39.    In response to Paragraph 39, the District admits the allegations in
the first and second sentences of that paragraph. The District asserts that the
Amended Complaint does not attach any exhibits.

40.    In response to Paragraph 40, the District asserts that the rule
quoted in that paragraph speaks for itself. The District denies the allegations
in the second sentence of Paragraph 40.

41.    In response to Paragraph 41, the District denies the allegations in
that paragraph. The District asserts that the Amended Complaint does not
attach any exhibits.

42.    In response to Paragraph 42, the District asserts that the District
Board Meeting Agenda Item quoted in that paragraph speaks for itself. The
District asserts that the Amended Complaint does not attach any exhibits.

43.    In response to Paragraph 43, the District admits the allegations in
that paragraph. The District asserts that the Amended Complaint does not
attach any exhibits.

44.    In response to Paragraph 44, the District asserts that the rule
quoted in that paragraph speaks for itself.

45.    In response to Paragraph 45, the District admits the allegations in
the second sentence of that paragraph. The District denies the remaining alle-
gations in Paragraph 45.

46.    In response to Paragraph 46, the District admits the allegations in
that paragraph.

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

47.    In response to Paragraph 47, the District asserts that the rule quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 47.

48.    In response to Paragraph 48, the District denies the allegations in that paragraph.

49.    In response to Paragraph 49, the District asserts that the rules quoted in that paragraph speak for themselves. The District denies the remaining allegations in Paragraph 49.

50.    In response to Paragraph 50, the District asserts that the rule quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 50.

51.    In response to Paragraph 51, the District denies the allegations in the first and third sentences of that paragraph. The District asserts that the staff report and cost-effectiveness analysis quoted in that paragraph speak for themselves. The District denies the remaining allegations in Paragraph 51. The District asserts that the Amended Complaint does not attach any exhibits.

52.    In response to Paragraph 52, the District asserts that the Final Socioeconomic Impact Assessment quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 52. The District asserts that the Amended Complaint does not attach any exhibits.

53.    In response to Paragraph 53, the District denies the allegations in that paragraph.

54.    In response to Paragraph 54, the District denies the allegations in that paragraph.

55.    In response to Paragraph 55, the District asserts that the case quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 55.

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

56.    In response to Paragraph 56, the District admits that Congress has amended EPCA several times since it was first enacted. The District denies the remaining allegations in Paragraph 56.

57.    In response to Paragraph 57, the District asserts that the case and House Report quoted in that paragraph speak for themselves. The District denies the remaining allegations in Paragraph 57.

58.    In response to Paragraph 58, the District asserts that the case quoted in that paragraph speaks for itself.

59.    In response to Paragraph 59, the District admits that in 1977, President Carter created the federal Department of Energy, and that in 1978, Congress passed the National Energy Act. The District denies the remaining allegations in Paragraph 59.

60.    In response to Paragraph 60, the District admits that in 1978, Congress amended EPCA. The District asserts that the case quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 60.

61.    In response to Paragraph 61, the District asserts that the Senate Report quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 61.

62.    In response to Paragraph 62, the District admits that in 1987, Congress amended EPCA. The District asserts that the preemption provision added by those amendments was slightly different from the version at issue here.

63.    In response to Paragraph 63, the District asserts that the Senate and House Reports quoted in that paragraph speak for themselves. The District denies the remaining allegations in Paragraph 63.

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

64.    In response to Paragraph 64, the District asserts that the Senate Report quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 64.

65.    In response to Paragraph 65, the District admits that in 1992 Congress amended EPCA to provide for energy efficiency standards for certain commercial and industrial appliances.

66.    In response to Paragraph 66, the District denies the allegations in that paragraph.

67.    In response to Paragraph 67, the District denies the allegations in that paragraph.

68.    In response to Paragraph 68, the District asserts that the statutes quoted in that paragraph speak for themselves. The District denies the remaining allegations in Paragraph 68.

69.    In response to Paragraph 69, the District asserts that the statute quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 69.

70.    In response to Paragraph 70, the District asserts that the statute quoted in that paragraph speaks for itself.

71.    In response to Paragraph 71, the District asserts that the statute quoted in that paragraph speaks for itself.

72.    In response to Paragraph 72, the District asserts that the case quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 72.

73.    In response to Paragraph 73, the District asserts that the statutes quoted in that paragraph speak for themselves. The District denies the remaining allegations in Paragraph 73.

74.    In response to Paragraph 74, the District denies the allegations in that paragraph.

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

75.    In response to Paragraph 75, the District denies the allegations in that paragraph.

76.    In response to Paragraph 76, the District asserts that the case quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 76.

77.    In response to Paragraph 77, the District asserts that the case quoted in that paragraph speaks for itself. The District denies the remaining allegations in Paragraph 77.

78.    In response to Paragraph 78, the District denies the allegations in that paragraph.

79.    In response to Paragraph 79, the District denies the allegations in that paragraph.

80.    In response to Paragraph 80, the District admits that the District has not "file[d] a petition with the Secretary" of Energy to consider Rule 1146.2 as a "regulation which provides for any energy conservation standard or other requirement with respect to energy use, energy efficiency, or water use" for covered products, pursuant to 42 U.S.C. § 6297(d)(1)(A). The District asserts that it is neither a "State" nor a "river basin commission" that would be subject to this provision. The District asserts that the statute quoted in Paragraph 80 speaks for itself. The District denies the remaining allegations in Paragraph 80.

81.    In response to Paragraph 81, the District admits that the rule is not "a regulation or other requirement contained in a State or local building code for new construction concerning the energy efficiency or energy use" of covered products. 42 U.S.C. § 6297(f)(3). The District denies the remaining allegations in Paragraph 81.

82.    In response to Paragraph 82, the District denies the allegations in that paragraph.

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

## ANSWERING CAUSE OF ACTION

83.    In response to Paragraph 83, the District incorporates the previous paragraphs by this reference.

84.    In response to Paragraph 84, the District denies the allegations in that paragraph.

85.    In response to Paragraph 85, the District denies the allegations in that paragraph.

86.    In response to Paragraph 86, the District denies the allegations in that paragraph.

87.    In response to Paragraph 87, the District denies the allegations in that paragraph.

88.    In response to Paragraph 88, the District denies the allegations in that paragraph.

89.    In response to Paragraph 89, the District denies the allegations in that paragraph.

90.    In response to Paragraph 90, the District denies the allegations in that paragraph.

91.    In response to Paragraph 91, the District lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' request for relief and on that basis denies them.

## GENERAL DENIAL

92.    The District generally denies all allegations in the Amended Complaint except those specifically admitted in the preceding paragraphs.

## AFFIRMATIVE DEFENSES

The District asserts the following affirmative defenses:

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' Amended Complaint fails in whole or in part to state claims upon which relief can be granted and should be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

### (Ripeness)

Plaintiffs' Amended Complaint is barred in whole or in part because there is neither a present nor an imminent injury resulting from or caused by the District, there is no present or imminent injury suffered by Plaintiffs or their members, and there is no current case or controversy. Thus, Plaintiffs' claims are not ripe for adjudication.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs lack standing to challenge Rule 1146.2 in whole or in part because they have not suffered an (1) injury in fact (2) that is fairly traceable to the District's conduct and (3) that is likely to be redressed by a favorable decision. Some or all of Plaintiffs are not in the zone of interests protected by EPCA.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred, in whole or in part, by their failure to properly raise them in the underlying administrative proceedings.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred because Plaintiffs have failed to assert their claims in a timely fashion, resulting in prejudice to the District.

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel and Waiver)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or their members have waived their claims or are estopped from asserting them.

## SEVENTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

Plaintiffs' claims are barred, in whole or in part, because other actors or forces are at fault for Plaintiffs' alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Raise Additional Defenses)

The District reserves the right to amend should any further defenses become apparent over the course of this action.

## PRAYER FOR RELIEF

WHEREFORE, the District prays for judgment as follows:

1. That the Court deny Plaintiffs' request for declaratory relief;

2. That the Court deny Plaintiffs' request for a permanent injunction;

3. That the Court deny Plaintiffs' request for attorneys' fees and costs;

4. That Plaintiffs take nothing by this suit;

5. That the District be awarded its costs of suit incurred in defense of this action; and

6. That the Court grant the District such further relief as the Court may deem proper.

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)

1    DATED:  January 24, 2025          SHUTE, MIHALY & WEINBERGER LLP

2

3

4                                      By:      /s/Matthew D. Zinn

5                                              MATTHEW D. ZINN
                                               LAUREN M. TARPEY
6

7                                              Attorneys for Defendant South Coast
                                               Air Quality Management District
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 2:24-cv-10482 PA (PDx)