# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-10482 PA (PDx) | Date | February 26, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District | | |

**Present: The Honorable**  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

    Before the Court is a Motion to Intervene as Defendants ("Motion") filed by proposed defendant-intervenors People's Collective for Environmental Justice, Sierra Club and Industrious Labs ("Proposed Intervenors"). (Docket No. 27.) Plaintiffs Rinnai America Corp., Noritz America Corporation, National Association of Home Builders, California State Pipe Trades Council, California Manufacturers & Technology Association, California Restaurant Association, Restaurant Law Center, Californians for Homeownership, Inc., California Hotel & Lodging Association, and California Apartment Association ("Plaintiffs") have represented to counsel for Interveners that they do not oppose the Motion as long as it is granted with certain conditions (as set forth in the proposed order granting the Motion). (Docket No. 27 at pp. 3-4.)[1] Proposed Intervenors also represent that defendant South Coast Air Quality Management District ("SCAQMD" or "Defendant") supports the Motion. (Docket No. 27 at p. 3.) Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for

---

[1]   Specifically the agreed upon conditions are set forth as follows:

> Proposed Intervenors may not expand the scope of this action. In particular, Proposed Intervenors may not move for relief in District Court separately from the South Coast AQMD, but Proposed Intervenors are not limited in the arguments they may make within the scope of this action. Proposed Intervenors may submit their own brief in support of any motion filed by the South Coast AQMD. All filings must be in accordance with the Court's Standing Order and may not be duplicative. Proposed Intervenors and Plaintiffs agree not to pursue discovery between themselves. This agreement does not place any conditions on Proposed Intervenors' participation or submissions at any appellate stage.

(Docket No. 27-8 at p. 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | February 26, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District | | |

decision without oral argument. The hearing on the Motion, calendared for March 17, 2025 is vacated, and the matter taken off calendar.

## I. Factual Background

In this action, Plaintiffs, manufacturers of gas appliances, affordable housing groups, labor union associations and associations of manufacturers, builders, commercial and residential building owners, hotel owners and operators, and restaurant chefs and owners, seek declaratory and injunctive relief against enforcement of the SCAQMD's rule imposing a zero-nitrogen oxide standard on certain categories of natural gas appliances covered by the federal Energy Policy and Conservation Act, 42 U.S.C. §§ 6201-6422 ("EPCA"). (Complaint ¶1.) Plaintiffs allege that implementation of this rule will effectively prohibit the manufacture, sale, purchase and installation of natural gas appliances after certain dates, and that this "de facto ban" on gas appliances violates the EPCA, which preempts this type of ban on gas appliances. (Id.)

Proposed Intervenors are environmental groups whose missions include protecting the health of their members by reducing air pollution in California. (Docket No. 27-1 at pp. 15-16.) These groups represent the public interest, and also the members who live near facilities that operate gas boilers and water heaters covered by the rule. (Id.) People's Collective for Environmental Justice is a non profit association dedicated to activating the community to fight against pollution and environmental racism. (Id.) Sierra Club is a national environmental organization dedicated to its members enjoyment of the outdoors, preserving the planet, and the responsible use of the earth's ecosystems and resources. (Id.) Industrious Labs is an environmental organization focused on advocacy through research and communication campaigns to combat industrial air pollution. (Id.)[2/]

Proposed Intervenors seeks intervention as of right or permissively. (Docket No. 27.) The Court addresses permissive intervention first.

## II. Permissive Intervention

A district court may grant intervention under Rule 24(b) where the proposed intervenor shows that: (1) the motion is timely; (2) independent grounds for jurisdiction exist; and (3) the

---

[2/] "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | February 26, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District | | |

intervenor's claim or defense and the main action share a common question of law or fact. Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 955 (9th Cir. 2009). Even if each of these requirements is satisfied, the court has discretion "to determine the fairest and most efficient method of handling a case . . . ." Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989), aff'd sub nom, Venegas v. Mitchell, 495 U.S. 82, 110 S. Ct. 1679, 109 L. Ed. 2d 74 (1990) (internal citation and quotation marks omitted). "[A] court must consider whether intervention will 'unduly delay or prejudice the adjudication of the rights of the original parties." Id. (quoting Rule 24(b)). Additionally, a court should "evaluate whether the movant's 'interests are adequately represented by existing parties'" and whether judicial economy favors intervention. Id. at 530–31. "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).

The Court has considered each these factors, and in its discretion, finds that permissive intervention is appropriate in this case because each factor weighs in favor of intervention. The Motion is timely, made at an early stage in the proceedings and will not cause any delay or prejudice the existing parties. Indeed, Proposed Intervenors represent that they will work within the existing schedule set by the Court and will not delay resolution of any matters. In addition, Proposed Intervenors intend to defend the SCAQMD nitrous oxide rule against the claims raised in Plaintiffs' Complaint; thus their defenses share common questions of fact and law with the main action. Moreover, Proposed Intervenors have agreed to certain conditions that will prevent any delay or prejudice to the parties, and the presentation of duplicative motions and arguments.

### Conclusion

For the foregoing reasons and the reasons set forth in Proposed Intervenors' moving papers, the Court grants Proposed Intervenors' Motion subject to the following conditions:

(1) Proposed Intervenors may not expand the scope of this action, raise new issues or make any motion independent of Defendant;

(2) Proposed Intervenors may submit their own brief in support of any motion filed by Defendant, or to oppose a Motion filed by Plaintiffs, but their arguments may not be duplicative;

(3) All filings must be in accordance with the Court's Standing Order and the Local Rules; and

(4) Proposed Intervenors and Plaintiffs will not pursue discovery between themselves.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | February 26, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District | | |

Because the Court grants the Motion for permissive intervention under Fed. R. Civ. P. 24(b), it does not reach the issue of whether Proposed Intervenors have a right to intervene under Fed. R. Civ. P. 24(a). Proposed Intervenors are ordered to file the proposed answer lodged with their Motion (Docket No. 27-9) by no later than March 5, 2025.

IT IS SO ORDERED.