Courtland L. Reichman (SBN: 268873)
  creichman@reichmanjorgensen.com
Brian C. Baran (SBN: 325939)
  bbaran@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel.: (650) 623-1401; Fax: (650) 560-3501

*Attorneys for Plaintiffs Rinnai America Corp., Noritz America Corp., National Association of Home Builders, California Manufacturers & Technology Association, California Restaurant Association, California Hotel & Lodging Association, California Apartment Association, and Plumbing-Heating-Cooling Contractors of California*

ADDITIONAL COUNSEL ON FOLLOWING PAGE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RINNAI AMERICA CORP., et al.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,<br><br>　　　　　Defendant,<br><br>　　and<br><br>PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, SIERRA CLUB, and INDUSTRIOUS LABS,<br><br>　　　　　Defendant-Intervenors. | Case No. 2:24-cv-10482 PA(PDx)<br><br>**JOINT RULE 26(F) REPORT** |

ADDITIONAL COUNSEL

Sarah O. Jorgensen (*pro hac vice*)
   sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
   FELDBERG LLP
1201 West Peachtree St., Suite 2300
Atlanta, GA 30309
Tel.: (650) 623-1403; Fax: (650) 560-3501

Sean Kneafsey
   skneafsey@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
Tel.: (213) 892-1200; Fax: 213-892-1208

*Attorneys for Plaintiffs Rinnai America Corp., Noritz America Corp., National Association of Home Builders, California Manufacturers & Technology Association, California Restaurant Association, California Hotel & Lodging Association, California Apartment Association, and Plumbing-Heating-Cooling Contractors of California*

John J. Davis, Jr. (SBN 65594)
   jjdavis@msh.law
MCCRACKEN, STEMERMAN & HOLSBERRY LLP
475 – 14th Street, Suite 1200
Oakland, CA 94612
Tel.: (415) 597-7200; Fax: (415) 597-7201

*Attorneys for Plaintiff California State Pipe Trades Council*

Matthew P. Gelfand (SBN 297910)
   matt@caforhomes.org
CALIFORNIANS FOR HOMEOWNERSHIP, INC.
525 S. Virgil Ave.
Los Angeles, California 90020
Tel.: (213) 739-8206; Fax: (213) 480-7724

*Attorney for Plaintiff Californians for Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*)
   aamador@restaurant.org
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
Tel.: (202) 331-5913 Fax: (202) 331-2429

*Attorney for Plaintiff Restaurant Law Center*

Plaintiffs Rinnai America Corp., Noritz America Corp., National Association of Home Builders, California State Pipe Trades Council, California Manufacturers & Technology Association, California Restaurant Association, Restaurant Law Center, Californians for Homeownership, Inc., California Hotel & Lodging Association, California Apartment Association, and Plumbing-Heating-Cooling Contractors of California, (collectively, "Plaintiffs"), Defendant South Coast Air Quality Management District ("the District" or "Defendant"), and Defendant-Intervenors People's Collective for Environmental Justice, Sierra Club and Industrious Labs ("Defendant-Intervenors") (and collectively, "the Parties"), by and through their respective undersigned counsel, hereby respectfully submit this Joint Scheduling Conference Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26-1 of the Local Rules of this Court, and this Court's January 27, 2025 Order Scheduling Meeting of Counsel (Docket No. 26).

Counsel for Plaintiffs and Defendant have conferred twice pursuant to Rule 26(f) and the Court's January 27, 2025 Order. Sarah Jorgensen and Brian Baran participated on behalf of Plaintiffs. Matthew Zinn and Lauren Tarpey participated on behalf of Defendant. Counsel for Defendant-Intervenors, Adriano Martinez, did not participate due to the then-pending status of the Motion to Intervene but was kept apprised of the discussions. The Parties agree that this case can be decided on dispositive motions, and do not anticipate engaging in discovery.

The Parties request leave to appear by videoconference at any scheduling hearing.

I. **PRINCIPAL ISSUES IN THE CASE**

A. **Plaintiffs' Position**

Plaintiffs contend that South Coast Air Quality Management District's Rule 1146.2, entitled "Emissions of Oxides of Nitrogen from Large Water Heaters and Small Boilers and Process Heaters," is preempted by federal law because it concerns the energy use of appliances covered by the federal Energy Policy and Conservation Act (EPCA). *See* 42 U.S.C. § 6297(c); *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024). Rule 1146.2's zero-$NO_x$ limit for gas water heaters, boilers, and process heaters is an effective ban on those natural gas appliances, including by forcing their replacement with electric appliances in existing buildings. Rule 1146.2 is preempted because it concerns the energy use of appliances covered by EPCA in that it "prevent[s] the operation of natural gas appliances" by prohibiting them from using any gas. *Cal. Rest.*, 89 F.4th at 1106.

B. **Defendant's Position**

The District denies these claims and asserts that Rule 1146.2 is not preempted by federal law and is a lawful exercise of the District's authority.

C. **Defendant-Intervenors' Position**

Defendant-Intervenors deny Plaintiffs' claims and assert that Rule 1146.2 is not preempted by federal law and is a lawful exercise of the District's authority.

II. **AMENDMENT OF THE PLEADINGS**

Plaintiffs filed an Amended Complaint on December 17, 2024. The District filed an Answer to the First Amended Complaint on January 24, 2025. Defendant-Intervenors will file their Proposed Answer to the First Amended Complaint that was

lodged with their Motion to Intervene no later than March 5, 2025, consistent with the Court's Order Granting Intervention (Docket No. 35).

The Parties presently do not anticipate the need to amend the pleadings further.

### III.   ISSUES THAT MAY BE DETERMINED BY MOTION

The issue of whether the District's Rule 1146.2, "Emissions of Oxides of Nitrogen from Large Water Heaters and Small Boilers and Process Heaters," is expressly preempted by EPCA, 42 U.S.C. §§ 6201-6422, may be decided by motion for summary judgment.

### IV.   PROPOSED DISCOVERY PLAN

#### A.   Initial Disclosures

The Parties hereby stipulate and agree that the Rule 26(a)(1) initial disclosure requirements should be suspended.

#### B.   Discovery

Because Plaintiffs challenge the facial validity of Rule 1146.2, the Parties do not anticipate that this case will involve issues requiring discovery. If the Court determines under Rule 56(d) that discovery is necessary to resolve an issue presented in a summary judgment motion, or if a need for discovery otherwise arises, the Parties believe that an appropriate timeline could be set at that point in the context of the specific topic(s) on which discovery is required.

#### C.   Subjects On Which Discovery May Be Needed, Discovery Completion

Except as noted in section B, the Parties do not anticipate engaging in discovery.

### D. Electronically Stored Information

At present, the Parties do not anticipate issues regarding disclosure or discovery of ESI because they have agreed that discovery of ESI is not necessary. However, to the extent a need for discovery of ESI otherwise arises, the Parties agree that where ESI is possessed by a party, is reasonably accessible, and responsive to a request, it will be produced unless protected by the attorney-client privilege and/or under the work-product doctrine, subject to appropriate limitations as to scope. If production of ESI occurs, it will be made in compliance with F.R.C.P. Rule 34(b)(2)(E). If native files and metadata are at issue for a particular document, the Parties will confer and determine steps to take, potentially seeking guidance from the Court.

### E. Claims Of Privilege

The Parties agree that they do not need to log or produce logs of privileged communications between themselves (including their employees) and their counsel in this matter.

### F. Changes To Discovery Limitations

The Parties do not believe that any changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure at this time.

### G. Additional Discovery Orders

The Parties do not believe that there are any other orders that the Court should issue under Federal Rules of Civil Procedure Rule 26(c) or 16, subdivisions (b) and (c), at this time. However, if needed, the Parties may stipulate to a proposed protective order to protect confidential materials produced during discovery.

## V. PROPOSED LAW AND MOTION SCHEDULE

Plaintiffs and Defendant may each bring a motion for summary judgment or other dispositive motion.

**Plaintiffs' position.** Plaintiffs are willing to set a single cutoff date for all dispositive motions if the Court prefers to do so. In that case, Plaintiffs propose an **April 9, 2025** cutoff for all dispositive motions. But in order to promote judicial efficiency and account for Defendant's potential desire to file a dispositive motion, Plaintiffs suggest the consolidated, staggered schedule set out in the chart below. Plaintiffs believe that this approach will reduce the number of briefs and avoid the risk that simultaneous submissions will talk past each other. Plaintiffs therefore propose the following briefing and hearing schedule:

| Event | Deadline |
|---|---|
| Plaintiffs' Dispositive Motion | April 9, 2025 |
| Defendant's and Defendant-Intervenors' Response and Defendant's Dispositive Motion (if any) | May 28, 2025 |
| Plaintiffs' Reply, and Response to Motion (if any) | June 18, 2025 |
| Defendant's and Defendant-Intervenors' Reply (if any) | July 9, 2025 |
| Hearing | July 14, 2025 (if Defendant does not file a dispositive motion) <br><br> August 4, 2025 (if Defendant files a dispositive motion) <br><br> (or such other date as the Court may set) |

By contrast, Defendant appears to want to set a dispositive motion deadline for Plaintiffs, but not to have any deadline of its own until after the Court holds a hearing

and rules on Plaintiffs' motion.  Plaintiffs are not aware of any authority entitling Defendant to proceed in that inefficient manner.  This case can be resolved with—and the Court should provide for—one round of dispositive motions, not two.

**Defendant's position.**  Defendant proposes the following briefing schedule for Plaintiffs' motion for summary judgment, which is consistent with Plaintiffs' proposed schedule. Defendant anticipates that, because the case presents primarily legal issues, the case may be resolved on Plaintiff's summary judgment motion alone. However, Defendant's proposed schedule allows time for Defendant and Defendant-Intervenors to file a dispositive motion, if necessary, following the Court's resolution of Plaintiffs' motion. Defendant and Defendant-Intervenors would only file such motion if needed to fully resolve all issues in the litigation still pending at that time. Defendant and Defendant-Intervenors would meet and confer with Plaintiffs to set a mutually agreeable briefing schedule for any such motion. Defendant and Defendant-Intervenor object to Plaintiffs' apparent attempt to compel Defendant and Defendant-Intervenors to file any dispositive motion as a cross-motion and are aware of no legal basis for any such limitation.

| Event | Deadline |
| --- | --- |
| Plaintiff's Dispositive Motion | April 9, 2025 |
| Defendant's and Intervenors' Response | May 28, 2025 |
| Plaintiffs' Reply | June 18, 2025 |
| Hearing | July 7, 2025 |
| Dispositive Motion Cut-Off Date | September 30, 2025 |

## VI. SETTLEMENT EFFORTS AND ADR

The Parties have not yet engaged in settlement discussions. The Parties believe this matter should be resolved on dispositive motions. The Parties have conferred and do not believe there is any realistic chance of settlement and therefore request that the case be opted out of the ADR requirement. If the Court still requires a settlement procedure, the Parties select ADR procedure No. 2 from the list in Local Rule 16-15.4, in which the Parties shall appear before a neutral selected from the Court's Mediation Panel. The Parties' proposed deadline for completing the settlement conference is July 15, 2025.

## VII. TRIAL ESTIMATE, PROPOSED PRETRIAL CONFERENCE AND TRIAL DATES

The Parties do not anticipate that a trial will be needed, because the case can be resolved on dispositive motions. But if a trial is needed, the Parties' estimate for trial is 1 day. The Parties propose a final pretrial conference of September 8, 2025, and a trial date of September 15, 2025.

## VIII. JURY/NON-JURY TRIAL

The Parties do not request a jury trial.

## IX. ADDITIONAL PARTIES

The Court granted an unopposed Motion to Intervene by People's Collective for Environmental Justice, Sierra Club, and Industrious Labs as Defendant-Intervenors. (Docket No. 35).

## X. COMPLEX CASES

The Parties agree that this case is not complex and that the procedures in the Manual for Complex Litigation are not required for this litigation.

| | |
|---|---|
| Dated: March 3, 2025 | Respectfully submitted, |
| /s/ John J. Davis, Jr. | /s/ Courtland L. Reichman |
| John J. Davis, Jr. SBN 65594<br>jjdavis@msh.law<br>MCCRACKEN, STEMERMAN & HOLSBERRY LLP<br>475 – 14th Street, Suite 1200<br>Oakland, CA 94612<br>Tel.: (415) 597-7200; Fax: (415) 597-7201<br><br>*Attorneys for Plaintiff California State Pipe Trades Council* | Courtland L. Reichman (SBN 268873)<br> creichman@reichmanjorgensen.com<br>Brian C. Baran (SBN 325939)<br> bbaran@reichmanjorgensen.com<br>REICHMAN JORGENSEN<br> LEHMAN & FELDBERG LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Tel.: (650) 623-1401; Fax: (650) 560-3501<br><br>Sarah O. Jorgensen (*pro hac vice*)<br> sjorgensen@reichmanjorgensen.com<br>REICHMAN JORGENSEN<br> LEHMAN & FELDBERG LLP<br>1201 West Peachtree St., Suite 2300<br>Atlanta, GA 30309<br>Tel.: (404) 609-1040; Fax: (650) 560-3501 |
| /s/ Matthew P. Gelfand<br>Matthew P. Gelfand (SBN 297910)<br> matt@caforhomes.org<br>CALIFORNIANS FOR HOMEOWNERSHIP, INC.<br>525 S. Virgil Ave.<br>Los Angeles, California 90020<br>Tel.: (213) 739-8206; Fax: (213) 480-7724<br><br>*Attorney for Californians for Homeownership, Inc.* | |
| /s/ Angelo I. Amador<br>Angelo I. Amador (*pro hac vice*)<br> aamador@restaurant.org<br>RESTAURANT LAW CENTER<br>2055 L Street, NW, Suite 700<br>Washington, DC 20036<br>Tel.: (202) 331-5913 Fax: (202) 331-2429<br><br>*Attorneys for Plaintiff Restaurant Law Center* | /s/ Sean M. Kneafsey<br>Sean M. Kneafsey (SBN 180863)<br> skneafsey@kneafseyfirm.com<br>THE KNEAFSEY FIRM, INC.<br>707 Wilshire Blvd., Suite 3700<br>Los Angeles, CA 90017<br>Tel.: (213) 892-1200; Fax: (213) 892-1208<br><br>*Attorneys for Plaintiffs Rinnai America Corp., Noritz America Corp., National Association of Home Builders, California Manufacturers & Technology Association, California Restaurant Association, California Hotel & Lodging Association, California Apartment Association, and Plumbing-Heating-Cooling Contractors of California* |

| | |
|---|---|
| /s/ Matthew D. Zinn | /s/ Adriano L. Martinez |
| Matthew D. Zinn (SBN 214587) | Adriano L. Martinez (SBN 237152) |
| zinn@smwlaw.com | amartinez@earthjustice.org |
| Lauren M. Tarpey (SBN 321775) | Candice L. Youngblood (SBN 328843) |
| ltarpey@smwlaw.com | cyoungblood@earthjustice.org |
| SHUTE, MIHALY & WEINBERGER LLP | EARTHJUSTICE |
| 396 Hayes Street | 707 Wilshire Blvd., Suite 4300 |
| San Francisco, CA 94102 | Los Angeles, CA 90017 |
| Tel.: (415) 552-7272 Fax: (415) 552-5816 | Tel.: (415) 217-2000 Fax: (415) 217-2040 |

*Attorneys for Defendant South Coast Air Quality Management District*

*Attorneys for Defendant-Intervenors People's Collective for Environmental Justice, Sierra Club, and Industrious Labs*

| | |
|---|---|
| /s/ Nihal Shrinath | /s/ Sean H. Donahue |
| Nihal Shrinath (SBN 327921) | SEAN H. DONAHUE (SBN 264284) |
| nihal.shrinath@sierraclub.org | sean@donahuegoldberg.com |
| SIERRA CLUB | DONAHUE, GOLDBERG & HERZOG |
| 2101 Webster St., Suite 1300 | 1008 Pennsylvania Ave., SE |
| Oakland, CA 94612 | Washington, DC 20003 |
| Tel.: (415) 977-5566 | Tel.: (202) 277-7085 |
| | |
| James A. Dennison (*pro hac vice*) | *Attorney for Defendant-Intervenor Industrious Labs* |
| jim.dennison@sierraclub.org | |
| SIERRA CLUB | |
| 1650 38th St., Suite 103W | |
| Boulder, CO 80301 | |
| Tel.: (435) 232-5784 | |

*Attorneys for Defendant-Intervenor Sierra Club*

## ATTESTATION

In accordance with Civil Local Rule 5-4.3.4(a)(2)(i), I attest that each of the signatories have concurred in this filing's content and have authorized its filing.

Dated: March 3, 2025                    By: */s/ Courtland L. Reichman*
                                            Courtland L. Reichman