ADRIANO L. MARTINEZ (SBN 237152)
CANDICE L. YOUNGBLOOD (SBN 328843)
Earthjustice
707 Wilshire Blvd., Suite 4300
Los Angeles, CA 90017
amartinez@earthjustice.org
cyoungblood@earthjustice.org
Tel: (415) 217-2000 / Fax: (415) 217-2040

*Counsel for Defendant-Intervenors
People's Collective for Environmental Justice,
Sierra Club, and Industrious Labs*

(List of Counsel continued on next page)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| RINNAI AMERICA CORP., et al.,<br>Plaintiff,<br><br>v.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,<br>Defendants,<br><br>and<br><br>PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, et al.,<br>Defendant-Intervenors. | Civ. No. 2:24-cv-10482 PA (PDx)<br><br>**ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION** |

NIHAL SHRINATH (SBN 327921)
Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
nihal.shrinath@sierraclub.org
Tel: (415) 977-5566

JAMES A. DENNISON *(Pro Hac Vice forthcoming)*
Sierra Club
1650 38th St., Suite 103W
Boulder, CO 80301
jim.dennison@sierraclub.org
Tel: (435) 232-5784

*Counsel for Defendant-Intervenor*
*Sierra Club*

SEAN H. DONAHUE (SBN 264284)
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, DC 20003
sean@donahuegoldberg.com
Tel: (202) 277-7085

*Counsel for Defendant-Intervenor*
*Industrious Labs*

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

## Answer

Defendant-Intervenors People's Collective for Environmental Justice, Sierra Club, and Industrious Labs (collectively "Defendant-Intervenors"), in answer to the Complaint in Intervention ("Complaint") filed by Plaintiff, admit, deny, and aver as follows:

### INTRODUCTION

1.      In response to Paragraph 1, Defendant-Intervenors admit that the Court has federal question jurisdiction under 28 U.S.C. § 1331 to resolve this dispute. Defendant-Intervenors deny the remaining allegations in Paragraph 1.

2.      In response to Paragraph 2, Defendant-Intervenors deny the allegations in Paragraph 2.

3.      In response to Paragraph 3, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of that paragraph and on that basis deny them. Defendant-Intervenors deny the remaining allegations in Paragraph 3.

4.      In response to Paragraph 4, Defendant-Intervenors deny the allegations in Paragraph 4.

5.      In response to Paragraph 5, Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 5.

6.      In response to Paragraph 6, Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 6.

7.      In response to Paragraph 7, Defendant-Intervenors deny the allegations in that paragraph.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

**ANSWERING JURISDICTION**

8.    In response to Paragraph 8, Defendant-Intervenors admit the allegations in that paragraph.

**ANSWERING VENUE**

9.    In response to Paragraph 9, Defendant-Intervenors admit that the South Coast Air Quality Management District (the "District") resides in the Central District of California within the meaning of 28 U.S.C. § 1391(c)(2) and that venue in the Central District of California is appropriate.

**ANSWERING PARTIES**

10.    In response to Paragraph 10, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

11.    In response to Paragraph 11, Defendant-Intervenors deny the allegations in that paragraph.

12.    In response to Paragraph 12, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

13.    In response to Paragraph 13, Defendant-Intervenors deny the allegations in that paragraph.

14.    In response to Paragraph 14, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

15.    In response to Paragraph 15, Defendant-Intervenors deny the allegations in that paragraph.

16.    In response to Paragraph 16, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

17.     In response to Paragraph 17, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

18.     In response to Paragraph 18, Defendant-Intervenors deny the allegations in that paragraph.

19.     In response to Paragraph 19, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

20.     In response to Paragraph 20, Defendant-Intervenors deny the allegations in the first and second sentences of that paragraph. Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 20 and on that basis deny them.

21.     In response to Paragraph 21, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

22.     In response to Paragraph 22, Defendant-Intervenors deny the allegations in that paragraph.

23.     In response to Paragraph 23, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

24.     In response to Paragraph 24, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth and sixth sentences of that paragraph and on that basis deny them. Defendant-Intervenors deny the remaining allegations in Paragraph 24.

25.     In response to Paragraph 25, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

26.    In response to Paragraph 26, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of that paragraph and on that basis deny them. Defendant-Intervenors deny the remaining allegations in Paragraph 26.

27.    In response to Paragraph 27, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of that paragraph and on that basis deny them. Defendant-Intervenors deny the remaining allegations in Paragraph 27.

28.    In response to Paragraph 28, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

29.    In response to Paragraph 29, Defendant-Intervenors deny the allegations in that paragraph.

30.    In response to Paragraph 30, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

31.    In response to Paragraph 31, Defendant-Intervenors deny the allegations in that paragraph.

32.    In response to Paragraph 32, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

33.    In response to Paragraph 33, Defendant-Intervenors deny the allegations in that paragraph.

34.    In response to Paragraph 34, Defendant-Intervenors deny the allegations in that paragraph.

35.    In response to Paragraph 35, Defendant-Intervenors admit the allegations in that paragraph.

36.     In response to Paragraph 36, Defendant-Intervenors admit that the District asserts that Rule 1146.2 is lawful and enforceable. Except as so admitted, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 36 and on that basis deny them.

37.     In response to Paragraph 37, Defendant-Intervenors deny the allegations in that paragraph.

38.     In response to Paragraph 38, Defendant-Intervenors admit the allegations in that paragraph. Defendant-Intervenors deny the allegations in the second sentence of Paragraph 38.

## ANSWERING ALLEGATIONS

39.     In response to Paragraph 39, Defendant-Intervenors admit the allegations in the first and second sentences of that paragraph. Defendant-Intervenors assert that the Amended Complaint does not attach any exhibits.

40.     In response to Paragraph 40, Defendant-Intervenors assert that the rule quoted in that paragraph speaks for itself. Defendant-Intervenors deny the allegations in the second sentence of Paragraph 40.

41.     In response to Paragraph 41, Defendant-Intervenors deny the allegations in that paragraph. Defendant-Intervenors assert that the Amended Complaint does not attach any exhibits.

42.     In response to Paragraph 42, Defendant-Intervenors assert that the District Board Meeting Agenda Item quoted in that paragraph speaks for itself. Defendant-Intervenors assert that the Amended Complaint does not attach any exhibits.

43.     In response to Paragraph 43, Defendant-Intervenors admit the allegations in that paragraph. Defendant-Intervenors assert that the Amended Complaint does not attach any exhibits.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

44.     In response to Paragraph 44, Defendant-Intervenors assert that the rule quoted in that paragraph speaks for itself.

45.     In response to Paragraph 45, Defendant-Intervenors admit the allegations in the second sentence of that paragraph. Defendant-Intervenors deny the remaining allegations in Paragraph 45.

46.     In response to Paragraph 46, Defendant-Intervenors admit the allegations in that paragraph.

47.     In response to Paragraph 47, Defendant-Intervenors assert that the rule quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 47.

48.     In response to Paragraph 48, Defendant-Intervenors deny the allegations in that paragraph.

49.     In response to Paragraph 49, Defendant-Intervenors assert that the rules quoted in that paragraph speak for themselves. Defendant-Intervenors deny the remaining allegations in Paragraph 49.

50.     In response to Paragraph 50, Defendant-Intervenors assert that the rule quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 50.

51.     In response to Paragraph 51, Defendant-Intervenors deny the allegations in the first and third sentences of that paragraph. Defendant-Intervenors assert that the Final Staff Report and the cost-effectiveness analysis quoted in that paragraph speak for themselves. Defendant-Intervenors deny the remaining allegations in Paragraph 51. Defendant-Intervenors assert that the Amended Complaint does not attach any exhibits.

52.     In response to Paragraph 52, Defendant-Intervenors assert that the Final Socioeconomic Impact Assessment quoted in that paragraph speaks for itself.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

Defendant-Intervenors deny the remaining allegations in Paragraph 52. Defendant-Intervenors assert that the Amended Complaint does not attach any exhibits.

53.    In response to Paragraph 53, Defendant-Intervenors deny the allegations in that paragraph.

54.    In response to Paragraph 54, Defendant-Intervenors assert that the District webpage referenced in Paragraph 54 regarding Proposed Rules 1111 and 1121 speaks for itself. Defendant-Intervenors deny the remaining allegations in that paragraph.

55.    In response to Paragraph 55, Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 55.

56.    In response to Paragraph 56, Defendant-Intervenors admit that Congress has amended EPCA several times since it was first enacted. Defendant-Intervenors deny the remaining allegations in Paragraph 56.

57.    In response to Paragraph 57, Defendant-Intervenors assert that the case and House Report quoted in that paragraph speak for themselves. Defendant-Intervenors deny the remaining allegations in Paragraph 57.

58.    In response to Paragraph 58, Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 58.

59.    In response to Paragraph 59, Defendant-Intervenors admit that in 1977, President Carter created the federal Department of Energy, and that in 1978, Congress passed the National Energy Act. Defendant-Intervenors deny the remaining allegations in Paragraph 59.

60.    In response to Paragraph 60, Defendant-Intervenors admit that in 1978, Congress amended EPCA. Defendant-Intervenors assert that the case quoted in that

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 60.

61.    In response to Paragraph 61, Defendant-Intervenors assert that the Senate Report quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 61.

62.    In response to Paragraph 62, Defendant-Intervenors admit that in 1987, Congress amended EPCA. Defendant-Intervenors assert that the 1987 amendments speak for themselves. Defendant-Intervenors assert that the preemption provision added by those amendments was not different from the version at issue here in any relevant manner.

63.    In response to Paragraph 63, Defendant-Intervenors assert that the Senate and House Reports quoted in that paragraph speak for themselves. Defendant-Intervenors deny the remaining allegations in Paragraph 63.

64.    In response to Paragraph 64, Defendant-Intervenors assert that the Senate Report quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 64.

65.    In response to Paragraph 65, Defendant-Intervenors admit that in 1992 Congress amended EPCA. Defendant-Intervenors assert that the 1992 amendments speak for themselves. Defendant-Intervenors deny the remaining allegations in Paragraph 65.

66.    In response to Paragraph 66, Defendant-Intervenors deny the allegations in that paragraph.

67.    In response to Paragraph 67, Defendant-Intervenors deny the allegations in that paragraph.

68.    In response to Paragraph 68, Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Defendant-Intervenors deny the remaining allegations in Paragraph 68.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

69.     In response to Paragraph 69, Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 69.

70.     In response to Paragraph 70, Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself.

71.     In response to Paragraph 71, Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself.

72.     In response to Paragraph 72, Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 72.

73.     In response to Paragraph 73, Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Defendant-Intervenors deny the remaining allegations in Paragraph 73.

74.     In response to Paragraph 74, Defendant-Intervenors deny the allegations in that paragraph.

75.     In response to Paragraph 75, Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 75.

76.     In response to Paragraph 76, Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 76.

77.     In response to Paragraph 77, Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 77.

78.     In response to Paragraph 78, Defendant-Intervenors deny the allegations in that paragraph.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

79.     In response to Paragraph 79, Defendant-Intervenors deny the allegations in that paragraph.

80.     In response to Paragraph 80, Defendant-Intervenors admit that the District has not "file[d] a petition with the Secretary" of Energy to consider Rule 1146.2 as a "regulation which provides for any energy conservation standard or other requirement with respect to energy use, energy efficiency, or water use" for covered products, pursuant to 42 U.S.C. § 6297(d)(1)(A). Defendant-Intervenors assert that the statute quoted in Paragraph 80 speaks for itself. Defendant-Intervenors deny the remaining allegations in Paragraph 80.

81.     In response to Paragraph 81, Defendant-Intervenors assert that the paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in that paragraph.

82.     In response to Paragraph 82, Defendant-Intervenors deny the allegations in that paragraph.

## ANSWERING CAUSE OF ACTION

83.     In response to Paragraph 83, Defendant-Intervenors incorporate the previous paragraphs by this reference.

84.     In response to Paragraph 84, Defendant-Intervenors deny the allegations in that paragraph.

85.     In response to Paragraph 85, Defendant-Intervenors deny the allegations in that paragraph.

86.     In response to Paragraph 86, Defendant-Intervenors deny the allegations in that paragraph.

87.     In response to Paragraph 87, Defendant-Intervenors deny the allegations in that paragraph.

88.     In response to Paragraph 88, Defendant-Intervenors deny the allegations in that paragraph.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

89.    In response to Paragraph 89, Defendant-Intervenors deny the allegations in that paragraph.

90.    In response to Paragraph 90, Defendant-Intervenors deny the allegations in that paragraph.

91.    In response to Paragraph 91, Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' request for relief and on that basis deny them.

## GENERAL DENIAL

92.    In response to Paragraph 92, Defendant-Intervenors generally deny all allegations in the Amended Complaint except those specifically admitted in the preceding paragraphs.

## AFFIRMATIVE DEFENSES

Defendant-Intervenors assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' Complaint fails in whole or in part to state claims upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

### (Ripeness)

Plaintiffs' Complaint is barred in whole or in part because there is presently no injury resulting from or caused by Defendant, there is no injury suffered by Plaintiffs or their members, and there is no current case or controversy. Thus, Plaintiffs' claims are not ripe for adjudication.

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs lack standing to challenge Rule 1146.2 in whole or in part because they have

not suffered (1) an injury in fact (2) that is fairly traceable to the District's conduct

and (3) that is likely to be redressed by a favorable decision. Plaintiffs have not

demonstrated that they, or any of their members, will be required to undertake or will

in fact undertake any of the compliance options challenged in this action.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiffs claims are barred, in whole or in part, by their failure to properly raise them

in the underlying administrative proceedings.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or their

members have waived their claims or are estopped from asserting them.

**SIXTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Raise Additional Defenses)**

Defendant-Intervenors reserve the right to amend should any further defenses become

apparent over the course of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant-Intervenors pray for judgment as follows:

    1. That the Court deny Plaintiffs' request for declaratory relief;

    2. That the Court deny Plaintiffs' request for injunctive relief;

    3. That the Court deny Plaintiffs' request for attorney fees and costs;

    4. That Plaintiffs take nothing by this suit;

    5. That the Court award Defendant-Intervenors their costs in this action,

       including attorney fees; and

6.  That the Court award Defendant-Intervenors such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 4, 2025          /s/     Adriano L. Martinez

ADRIANO L. MARTINEZ (SBN 237152)
CANDICE L. YOUNGBLOOD (SBN 328843)
Earthjustice
707 Wilshire Blvd., Suite 4300
Los Angeles, CA 90017
amartinez@earthjustice.org
cyoungblood@earthjustice.org
Tel: (415) 217-2000 / Fax: (415) 217-2040

*Counsel for Defendant-Intervenors*
*People's Collective for Environmental Justice,*
*Sierra Club, and Industrious Labs*

(List of Counsel continued on next page)

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NIHAL SHRINATH (SBN 327921)
Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
nihal.shrinath@sierraclub.org
Tel: (415) 977-5566

JAMES A. DENNISON *(Pro Hac Vice
forthcoming)*
Sierra Club
1650 38th St., Suite 103W
Boulder, CO 80301
jim.dennison@sierraclub.org
Tel: (435) 232-5784

*Counsel for Defendant-Intervenor
Sierra Club*

SEAN H. DONAHUE (SBN 264284)
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, DC 20003
sean@donahuegoldberg.com
Tel: (202) 277-7085

*Counsel for Defendant-Intervenor
Industrious Labs*

ANSWER OF INTERVENORS [NGOs] TO AMENDED COMPLAINT IN INTERVENTION
(Civ. No. 2:24-cv-10482 PA(PDx))