1  MATTHEW D. ZINN (CA Bar No. 214587)
   Zinn@smwlaw.com
2  LAUREN M. TARPEY (CA Bar No. 321775)
   Ltarpey@smwlaw.com
3  RYAN K. GALLAGHER (CA Bar No. 344349)
   Rgallagher@smwlaw.com
4  SHUTE, MIHALY & WEINBERGER LLP
   396 Hayes Street
5  San Francisco, California 94102
   Telephone:  (415) 552-7272
6  Facsimile:  (415) 552-5816

7  (additional counsel on following page)

8  Attorneys for Defendant South Coast Air
   Quality Management District

9
                UNITED STATES DISTRICT COURT
10
       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
11

12
   RINNAI AMERICA CORP., et al,          Case No. 2:24-cv-10482 PA (PDx)
13
                                         **DEFENDANTS' CONSOLIDATED**
14          Plaintiffs,                  **ADDITIONAL MATERIAL FACTS**
                                         **AND STATEMENT OF**
15      v.                               **UNCONTROVERTED FACTS**

16                                       Date:        July 14, 2025
   SOUTH COAST AIR QUALITY              Time:        1:30 p.m.
17 MANAGEMENT DISTRICT,                  Courtroom:   9A

18          Defendant,                   The Hon. Percy Anderson

19
   and                                   Trial Date:    September 30, 2025
20

21 PEOPLE'S COLLECTIVE FOR
   ENVIRONMENTAL JUSTICE,
22 SIERRA CLUB, and INDUSTRIOUS
   LABS,
23

24          Defendant-Intervenors.

25

26

27

28

BAYRON T. GILCHRIST (CA Bar No. 212393)
General Counsel
BARBARA BAIRD (CA Bar No. 81507)
Chief Deputy District Counsel
SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT
21865 Copley Drive
Diamond Bar, California 91765
Telephone: (909) 396-3400
Facsimile:    (909) 396-2961
bghilchrist@aqmd.gov

Attorneys for Defendant South Coast Air
Quality Management District

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)

Pursuant to section II.A.3. of the Court's Civil Trial Scheduling Order, Defendant South Coast Air Quality Management District ("District") and Defendant-Intervenors People's Collective for Environmental Justice, Sierra Club, and Industrious Labs (collectively, "Defendants") submit the following Additional Material Facts in opposition to Plaintiffs' Motion for Summary Judgment. For the convenience of the parties and the Court, and pursuant to section II.A.3. of the Court's Civil Trial Scheduling Order and Local Rule 56-1, Defendants intend for the facts set forth below to also serve as the Statement of Uncontroverted Facts in support of the District's cross-motion for summary judgment, which is being filed concurrently:

| Additional Material Fact / Uncontroverted Fact | Supporting Evidence |
| --- | --- |
| 40. Commonly known as smog, ozone forms in the atmosphere from a reaction of nitrogen oxides ("NOx") with volatile organic compounds ("VOCs") in the presence of sunlight. | Declaration of Sarah Rees In Support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment ("Rees Decl.") ¶¶ 10, 14<br><br>Rees Decl., Ex. 1 at 9, 11 (2022 Air Quality Management Plan ["Plan"], Main Volume, pp. ES-4, 1-1, ) |
| 41. NOx are toxic and highly reactive gases that themselves endanger human health and the environment. | Rees Decl. ¶¶ 11, 15<br><br>Rees Decl., Ex. 2 at 9 (2022 Plan, Appendix II, "Current Air Quality," p. II-1-6)<br><br>EPA, *Health Effects of Ozone Pollution* (Mar. 13, 2025), https://www.epa.gov/ground-level-ozone-pollution/health-effects-ozone-pollution<br><br>EPA, *Basic Information about NO2* (Jul. 16, 2024), https://www.epa.gov/no2-pollution/basic-information-about-no2 |

3

| 42. Despite the District's long-running struggle to bring the South Coast Air ("Basin") into compliance with federal standards, the Basin continues to suffer from some of the worst air quality in the nation. Specifically, it is in "extreme" nonattainment for several federal ozone standards and has the highest ozone levels in the nation. | Rees Decl. ¶¶ 9, 21<br><br>Rees Decl., Ex. 1 at 6, 14-17 (2022 Plan, Main Volume, pp. ES-1, 2-16, 2-58 – 2-60)<br><br>Rees Decl., Ex. 2 at 8 (2022 Plan, Appendix II, "Current Air Quality," p. II-1-5) |
|---|---|
| 43. The District must bring the Basin into attainment of the 2015 8-hour ozone standard by 2038. | Rees Decl. ¶¶ 18, 23<br><br>Rees Decl., Ex. 1 at 6-7 (2022 Plan, Main Volume, pp. ES-1 – ES-2) |
| 44. To meet that deadline, NOx emissions must decline by 124 tons per day from the 2037 baseline level of 184 tons per day, or about 67 percent beyond the reductions that will be achieved by previously adopted rules. | Rees Decl. ¶¶ 24, 32<br><br>Rees Decl., Ex. 1 at 9, 18, 33 (2022 Plan, Main Volume, pp. ES-4, 4-1, 5-16) |
| 45. The District targeted those additional reductions needed to achieve the federal air quality standards in its 2022 Air Quality Management Plan ("Plan"). | Rees Decl. ¶ 22<br><br>Declaration of Michael Krause In Support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment ("Krause Decl.") ¶¶ 5-6<br><br>Dkt. 50-2, Ex. 2 at 029 (District's Final Staff Report: Proposed Amended Rule 1146.2 – Emissions of Oxides of Nitrogen from Large Water Heaters, Small Boilers and Process Heaters ("Final Staff Report"))<br><br>Rees Decl., Ex. 1 at 6 (2022 Plan, Main Volume, p. ES-1) |
| 46. The 2022 Plan found that "there is no viable pathway to achieve the needed | Rees Decl. ¶ 25 |

| | |
|---|---|
| reductions without widespread adoption of zero emissions (ZE) technology across all . . . stationary sources, large and small." | Rees Decl., Ex. 1 at 10 (2022 Plan, Main Volume, p. ES-5) |
| 47. Appliances emit NOx when they burn fossil fuels. | Rees Decl. ¶ 27<br><br>EPA, *AP-42: Compilation of Air Emissions Factors from Stationary Sources* § 1.4 (1998) https://www3.epa.gov/ttnchie1/ap42/ch01/final/c01s04.pdf |
| 48. Although individually small, fossil fuel appliances collectively generate enormous emissions. During rule development, District staff calculated the NOx emissions from Rule 1146.2 sources to be approximately 5.6 tons per day. | Rees Decl. ¶ 35 |
| 49. Other residential and commercial combustion sources generate about 24 tons per day of emissions. Accordingly, appliance emissions account for nearly 20 percent of the residential and commercial combustion stationary sources regulated by the District. (5.6 tons per day / 29.6 tons per day = 18.9 %) | Rees Decl. ¶ 36<br><br>Dkt. 50-2, Ex. 2 at 144 (Final Staff Report) |
| 50. In 1978, the District adopted Rules 1111 and 1121, which apply NOx emission limits to small central furnaces and water heaters. | Rees Decl. ¶ 31<br><br>Rees Decl., Ex. 3 at 9-12 (Draft Staff Report for Proposed Amended Rule 1111 – Reduction of NOx Emissions from Natural Gas-Fired Furnaces and Proposed Amended Rule 1121 – Reduction of NOx Emissions from Residential Type, Natural Gas-Fired Water Heaters ["Draft Staff Report"], pp. 1-1 – 1-4) |
| 51. Emissions limits are expressed in nanograms of a pollutant per Joule of heat, in parts per million ("ppm"), or in parts | Rees Decl. ¶ 28 |

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)

| | |
|---|---|
| per million by volume ("ppmv"). The terms ppm and ppmv are essentially interchangeable. | |
| 52. Rules 1111 and 1121's original NOx emission limit of 40 nanograms per Joule of heat ("ng/J") for furnaces and water heaters was later lowered to 14 ng/J for furnaces, and to 10 ng/J for water heaters. | Rees Decl. ¶ 31<br><br>Rees Decl., Ex. 3 at 9-12 (Draft Staff Report, pp. 1-1 – 1-4) |
| 53. An appliance's rated heat input capacity represents the maximum amount of heat it can generate, in British thermal units ("Btu") per hour. | Rees Decl. ¶ 29 |
| 54. In 1988, the District adopted Rule 1146, which limits NOx emissions from large boilers, steam generators, and process heaters with rated heat input capacities between 5 million Btu per hour ("MMBtu/hr") and 75 MMBtu/hr. | Rees Decl. ¶ 32<br><br>Rees Decl., Ex. 4 at 5, 6 (District Rule 1146) |
| 55. The emission limits for the equipment types covered by Rule 1146 vary depending on the equipment sizes and types. | Rees Decl. ¶ 32<br><br>Rees Decl., Ex. 4 at 5, 6 (District Rule 1146(c)(1), Table 1146-1) |
| 56. In 1990, the District adopted Rule 1146.1, which limits NOx emissions from industrial, institutional, and commercial boilers, steam generators, and process heaters with rated heat input between 2 and 5 MMBtu/hr. | Rees Decl. ¶ 33<br><br>Rees Decl., Ex. 5 at 4, 5 (District Rule 1146.1) |
| 57. Like Rule 1146, the emissions limits imposed under Rule 1146.1 vary depending on the size and type of the regulated equipment. | Rees Decl. ¶¶ 32-33<br><br>Rees Decl., Ex. 4 at 4, 5 (District Rule 1146(c)(1), Table 1146-1)<br><br>Rees Decl., Ex. 5 at 4, 5 (District Rule 1146.1(c)(1), Table 1146.1-1) |

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)

| | |
|---|---|
| 58. The District adopted the first iteration of the Rule at issue in this case—Rule 1146.2—in 1998. | Dkt. 50-2, Ex. 2 at 080 (Final Staff Report) |
| 59. Rule 1146.2 applies to large water heaters, small boilers, and process heaters with a rated heat input capacity of up to 2 MMBtu/hr, but it does not regulate residential tank water heaters with a rated heat input capacity less than 75 kBtu/hr, which are regulated under Rule 1121. | Dkt. 50-2, Ex. 2 at 080 (Final Staff Report) |
| 60. Rule 1146.2 originally imposed a NOx emission limit of 30 parts ppm on most appliances. | Dkt. 50-2, Ex. 2 at 080 (Final Staff Report) |
| 61. Rule 1146.2 was amended in 2005, 2006, and 2018 to expand the scope of equipment subject to the NOx limit and to tighten the limit for most appliances to 20 ppm. | Dkt. 50-2, Ex. 2 at 080, 082 (Final Staff Report) |
| 62. Despite the District's prior efforts to limit NOx emissions from appliances, it must reduce them further to achieve the stringent 2015 8-hour ozone standard. | Rees Decl. ¶ 34<br><br>Rees Decl., Ex. 1 at 18 (2022 Plan, Main Volume, p. 4-1). |
| 63. The 2022 Plan calls for further reductions of NOx emissions from appliances by requiring zero-emission commercial water heaters. | Rees Decl. ¶¶ 25-26<br><br>Rees Decl., Ex. 1 at 10, 32 (2022 Plan, Main Volume, pp. ES-5, 4-12, 4-15) |
| 64. To implement the Plan, the District developed the 2024 amendments to Rule 1146.2 in a 14-month-long public process, which included five Working Group Meetings involving representatives from manufacturers, trade organizations, businesses, environmental groups, and other interested parties; multiple public meetings; and three reviews by the | Krause Decl. ¶¶ 7-15<br><br>Dkt. 50-2, Ex. 2 at 030, 040 (Final Staff Report) |

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)

| | |
|---|---|
| Stationary Source Committee of the District's Governing Board. | |
| 65. The District adopted the final Rule at issue here following a public hearing on June 7, 2024. | Dkt. 50-2, Ex. 2 at 040 (Final Staff Report) |
| 66. In its resolution adopting the Rule, the District's Governing Board found there were no "control options that meet . . . the air quality objectives," other than those in the proposed amended rule. | Dkt. 50-2, Ex. 2 at 046 (Final Staff Report) |
| 67. Rule 1146.2 applies to large water heaters, small boilers, and process heaters. | Dkt. 50-2, Ex. 1 at 004 (Rule 1146.2(a)) |
| 68. The Rule defines "water heaters" as equipment used solely to heat water for use external to the equipment, including pool heaters and instantaneous water heaters; "boilers" as equipment used to produce steam or to heat water, but not used exclusively to produce electricity; and "process heaters" as equipment that transfers heat from combustion gases to water or process streams. | Dkt. 50-2, Ex. 1 at 004-07 (Rule 1146.2(c)(1), (12), (17), (18), (31)) |
| 69. Before the June 2024 amendments, the Rule required covered appliances to achieve a NOx emission limit of 20 ppm, with the exception of some pool heaters, which were subject to a higher limit. | Dkt. 50-2, Ex. 2 at 083 (Final Staff Report) |
| 70. As amended, the Rule prohibits the manufacture, sale, supply, offer for sale, or installation for use in the District, of large water heaters and small boilers and process heaters that emit more than zero NOx after staggered compliance dates. | Dkt. 50-2, Ex. 1 at 004, 007-08 (Rule 1146.2(b), (d)(2)) |
| 71. Until the zero-emission limits go into effect, the appliances are subject to the | Dkt. 50-2, Ex. 1 at 007 (Rule 1146.2(d)(1)) |

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)

| | |
|---|---|
| current emission limits, which are 20 ppm for most appliances. | |
| 72. The units subject to the Rule's emission limits are categorized based on their rated heat input capacity: "Type 1 Units" have a rated heat input capacity less than or equal to 400 thousand Btu per hour ("kBtu/hr), and "Type 2 Units" have a rated heat input capacity between 400 kBtu/hr and 2 MMBtu/hr. | Dkt. 50-2, Ex. 1 at 007 (Rule 1146.2(c)(28), (29)) |
| 73. The Rule does not apply to water heaters with rated heat input capacities less than 75 kBtu/hr, which are subject to District Rule 1121. | Dkt. 50-2, Ex. 1 at 007 (Rule 1146.2(c)(28)) |
| 74. Starting in January 2026, a Type 1 water heater installed in a new building must comply with the Rule, but a Type 1 water heater installed in an existing building need not comply with the Rule until January 2029. | Dkt. 50-2, Ex. 1 at 007-08 (Rule 1146.2(d)(2)) |
| 75. A non-compliant appliance in an existing building need not be replaced immediately in January 2029, but may remain in use until it reaches an age of either 15 or 25 years, depending on the appliance type. | Dkt. 50-2, Ex. 1 at 007-08 (Rule 1146.2(d)(2)) |
| 76. The Rule's rolling compliance deadlines provide time for additional technologies that comply with the Rule's emissions limitation to be developed. | Dkt. 50-2, Ex. 1 at 008 (Rule 1146.2, Tables 2 & 3)<br><br>Dkt. 50-2, Ex. 2 at 038 (Final Staff Report) |
| 77. Residential structures and small businesses are exempted from complying with the Rule's requirements to replace appliances, such that appliances in these | Dkt. 50-2, Ex. 1 at 024-25 (Rule 1146.2(k)(4), (5))<br><br>Dkt. 50-2, Ex. 2 at 038 (Final Staff Report) |

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)

| | |
|---|---|
| structures or businesses may be replaced at the end of their lives. | |
| 78. The Rule allows multiple options for owners or operators of an existing appliance to delay the Rule's replacement deadlines, including extensions of (1) up to five years if utility upgrades are necessary to operate the zero-emission units; (2) up to three years if a facility must replace multiple units within two consecutive years; and (3) up to seven years if both (1) and (2) are satisfied. | Dkt. 50-2, Ex. 1 at 013-20 (Rule 1146.2(i)(1)-(7)) |
| 79. The Rule allows continued operation of low-use units installed before the Rule was adopted. | Dkt. 50-2, Ex. 1 at 024 (Rule 1146.2(k)(3), (4)) |
| 80. The District, state, and federal government have adopted incentive programs to offset upfront costs of zero-emission units. | Dkt. 50-2, Ex. 2 at 038, 123 (Final Staff Report) |
| 81. The Rule will achieve 5.6 tons of NOx emissions reductions per day by full implementation in 2057. | Declaration of Xian-Liang Tian, Ph.D., in support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment ("Tian Decl.") ¶ 9<br><br>Dkt. 50-2, Ex. 2 at 144 (Final Staff Report) |
| 82. The Rule will reduce emissions by 2.44 tons per day by the attainment date of 2037. | Tian Decl. ¶ 9 |
| 83. By 2037, the Rule is estimated to prevent approximately 374 premature deaths, along with many other adverse health impacts. | Tian Decl. ¶ 9 |

10

| | |
|---|---|
| 84. Because a purpose of the Rule is to bring the Basin into compliance with federal air quality standards, the District's Governing Board has directed the District's Executive Officer to forward the Rule to the California Air Resources Board ("CARB") for submittal to the U.S. Environmental Protection Agency and potential incorporation into California's State Implementation Plan. | Dkt. 50-2, Ex. 2 at 045-47 (Final Staff Report) |
| 85. For decades, the District has enforced non-zero-emission NOx standards on industrial equipment, including through Rules 1146 and 1146.1, which effectively prohibit the regulated equipment from using oil as fuel. | Rees Decl. ¶¶ 37-43<br><br>Rees Decl., Ex. 4 at [insert] (Rule 1146(c), Table 1146.1-1) |
| 86. At least 10 other California air districts and 4 other states have adopted rules or regulations that impose emissions limits on appliances with a rated heat input capacity less than or equal to 2 MMBTU/hour. | RJN Exs. A-P |
| 87. The Ventura County Air Pollution Control District sets a 20 ppm NOx limit appliances with a rated heat input capacity less than or equal to 2 MMBTU/hour. | RJN Ex. K |
| 88. The Yolo-Solano Air Quality Management District imposes NOx emissions standards ranging from a 15 ppm limit for small water heaters to a 55 ppm limit for large water heaters. | RJN Ex. L |
| 89. Texas limits NOx emissions from appliances with a rated heat input capacity less than or equal to 2 MMBTU/hour to 55 ppm. | RJN Ex. M |

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)

| | |
|---|---|
| 90. In 2023, a year before the District adopted the challenged version of Rule 1146.2, the Bay Area Air Quality Management District adopted zero-NOx emissions standards for appliances. | RJN Exs. A at 3, B at 4 |
| 91. In the opposition to the City of Berkeley's motion to dismiss that it filed in the *CRA* litigation, Plaintiff California Restaurant Association stated that finding Berkeley's building code preempted by the Energy Policy Conservation Act ("EPCA") would not affect "regulations of nitrogen oxide emissions" because "[t]he express preemption clause in the EPCA does not bar *all* local regulations that affect EPCA-covered appliances. It bars only regulations that 'concern[] energy use.' Local regulations . . . limiting the missions of nitro[gen] oxide may affect EPCA-covered appliances, but they do not 'concern energy use.'" | RJN Ex. Q at 17 |
| 92. Not all gas-powered appliances operate through combustion, and thus not all gas appliances cause NOx emissions. | Krause Decl. ¶¶ 16-18<br><br>Dkt. 50-2, Ex. 2 at 099 (p. 2-11) (Final Staff Report) |
| 93. The District's Final Staff Report for the 2022 Plan acknowledged the existence and potential future development of natural gas fuel cell technologies that could replace existing appliances to meet the Rule's zero-emission requirements. | Krause Decl. ¶ 16<br><br>Dkt. 50-2, Ex. 2 at 096-99, 120 (Final Staff Report) |
| 94. Natural gas fuel cells use an electrochemical process to convert chemical energy to electricity without combusting the fuel, and thus their operation results in negligible NOx emissions. | Krause Decl. ¶¶ 17-20<br><br>Krause Decl., Ex. 1 at 2 (U.S. Department of Energy 2016 Fact Sheet on Combined Heat and Power Technology ("DOE Fact Sheet")) |

| 95. Over 300,000 fuel cell units have been deployed in Japan, and over 100,000 units were expected to be deployed in Europe by 2022, primarily for residential applications. | Krause Decl. ¶ 27<br><br>Dkt. 50-2, Ex. 2 at 099 (Final Staff Report) |
|---|---|
| 96. Natural gas fuel cells generate excess heat as a byproduct of producing electricity, and this excess heat can then be recaptured and used for water heating purposes via a combined heat and power ("CHP") system. | Krause Decl. ¶ 21<br><br>Krause Decl., Ex. 1 at 2-4 (DOE Fact Sheet) |
| 97. The District has previously concluded, including through the implementation and enforcement of its Rule 1153.1, that regulated equipment can satisfy a zero-NOx emission standard when the equipment heated by the waste heat generates no NOx, even if the unit providing the heat generates some NOx emissions. | Krause Decl. ¶¶ 24-26<br><br>Krause Decl., Ex. 2 at 4, 5 (Final Staff Report for Proposed Amended Rule 1153.1, at pp. ES-1, 2-9) |
| 98. In its Final Staff Report for Rule 1146.2, the District projected that manufacturers will continue to improve and expand the availability of zero-emission appliances. | Dkt. 50-2, Ex. 2 at 096 (Final Staff Report) |
| 99. The District has imposed and begun to collect steep fines from major polluters of NOx and VOCs in the South Coast Air Basin. | Declaration of Candice L. Youngblood in Support of Defendant-Intervenors' Opposition to Plaintiffs' Motion for Summary Judgment, Ex. 1 (District Rule 317.1) |

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)

1    DATED:  May 12, 2025                    SHUTE, MIHALY & WEINBERGER LLP

2

3

4                                           By:        /s/Matthew D. Zinn

5                                                MATTHEW D. ZINN
                                                 LAUREN M. TARPEY
6                                                RYAN K. GALLAGHER

7                                                Attorneys for Defendant South Coast Air
8                                                Quality Management District

9
          I attest all other signatories listed, and on whose behalf the filing is submitted,
10
    concur in the filing's content and have authorized the filing.
11
                                      Dated:  May 12, 2025
12
                                      /s/
13                                    MATTHEW D. ZINN
                                      (SBN 214587)
14                                    Shute, Mihaly & Weinberger LLP
                                       396 Hayes Street
15                                     San Francisco, California 94102
                                       Telephone: (415) 552-7272
16                                     Zinn@smwlaw.com

17
                                      *Attorneys for Defendant South Coast Air Quality*
18                                    *Management District*

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' CONSOLIDATED ADDITIONAL MATERIAL FACTS AND UNCONTROVERTED FACTS
Case No. 2:24-cv-10482 PA (PDx)