Courtland L. Reichman (SBN 268873)
  creichman@reichmanjorgensen.com
Brian C. Baran (SBN 325939)
  bbaran@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel.: (650) 623-1401; Fax: (650) 560-3501

*Attorneys for Plaintiffs Rinnai America Corp., Noritz America Corp., National Association of Home Builders, California Manufacturers & Technology Association, California Restaurant Association, California Hotel & Lodging Association, California Apartment Association, and Plumbing-Heating-Cooling Contractors of California*

ADDITIONAL COUNSEL ON FOLLOWING PAGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINNAI AMERICA CORP., et al.<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,<br><br>Defendant,<br><br>and<br><br>PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, SIERRA CLUB, and INDUSTRIOUS LABS,<br><br>Defendant-Intervenors. | Civil Action No.<br><br>2:24-cv-10482 PA(PDx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: Monday, Sept. 29, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9A<br><br>Honorable Percy Anderson<br>United States District Judge |

ADDITIONAL COUNSEL

Sarah O. Jorgensen (*pro hac vice*)
  sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
1201 West Peachtree St., Suite 2300
Atlanta, GA 30309
Tel.: (650) 623-1403; Fax: (650) 560-3501

Sean Kneafsey (SBN 180863)
  skneafsey@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
Tel.: (213) 892-1200; Fax: 213-892-1208

*Attorneys for Plaintiffs Rinnai America Corp., Noritz America Corp., National Association of Home Builders, California Manufacturers & Technology Association, California Restaurant Association, California Hotel & Lodging Association, California Apartment Association, and Plumbing-Heating-Cooling Contractors of California*

John J. Davis, Jr. (SBN 65594)
  jjdavis@msh.law
Luke Dowling (SBN 328014)
  ldowling@msh.law
MCCRACKEN, STEMERMAN
  & HOLSBERRY LLP
475 – 14th Street, Suite 1200
Oakland, CA 94612
Tel.: (415) 597-7200; Fax: (415) 597-7201

*Attorneys for Plaintiff California State Pipe Trades Council*

Matthew P. Gelfand (SBN 297910)
  matt@caforhomes.org
CALIFORNIANS FOR HOMEOWNERSHIP, INC.
525 S. Virgil Ave.
Los Angeles, California 90020
Tel.: (213) 739-8206; Fax: (213) 480-7724

*Attorney for Plaintiff Californians for Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*)
  aamador@restaurant.org
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
Tel.: (202) 331-5913 Fax: (202) 331-2429

*Attorney for Plaintiff Restaurant Law Center*

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby respond to the District's Notice of Supplemental Authority regarding the recent nonprecedential district court decision in *Chamber of Commerce of the United States v. California Air Resources Board*, 2025 WL 2624363 (C.D. Cal. Sept. 11, 2025). Dkt. 89. The District suggests that *Chamber* supports its view—advanced for the first time in its notice—that the reconsideration standard governs motions for injunction pending appeal. *Id.* at 2. The District is wrong.

District court opinions are not precedential, and so *Chamber* cannot possibly have changed the Ninth Circuit's approach to injunctions pending appeal. The Ninth Circuit uses a sliding scale approach for injunctions pending appeal akin to the preliminary injunction standard—and not the standard for reconsidering a final decision. *See* Dkt. 85-1 at 3-6 (discussing controlling precedent). And Civil Rule 62(d) contemplates that district courts, having denied injunctive relief on the merits, may nevertheless grant an injunction pending appeal. *See id.*

Nor is *Chamber* persuasive. By misreading the Ninth Circuit case it relied on, the *Chamber* court reached a conclusion that is contrary to longstanding Ninth Circuit precedent. The *Chamber* court thought that a plaintiff's failure "to demonstrate a likelihood of success on the merits" in a preliminary injunction motion means that "the plaintiff necessarily cannot establish that there are serious questions going to the merits" when seeking an injunction pending appeal. 2025 WL 2624363, at *2. That flatly contradicts Ninth Circuit precedent holding that the "serious questions" alternative for preliminary injunctive relief requires "a lesser showing than likelihood of success on the merits." *E.g.*, *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (cleaned up).

What led the *Chamber* court astray was its misunderstanding of *Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012). The single paragraph of *Lopez* that the *Chamber* court latched on to simply explained that the district court had not erred by discussing the "likelihood of success" and "serious questions" standards together; *Lopez* did not hold

1

that the standards were identical." *Lopez*, 680 F.3d at 1072-73.  And *Lopez* went on to affirm the district court's finding that the plaintiff "had not raised serious questions or shown a likelihood of success on the merits." *Id.* at 1076.  Far from changing the standard, *Lopez* recognized and applied the well-established sliding scale approach. *Id.* at 1072.

The *Chamber* court also cited *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135-36 (9th Cir. 2011), in support of its decision to conflate the "likelihood of success" and "serious questions" standards. *Chamber*, 2025 WL 2624363, at *2.  But that case refutes the *Chamber* court's point.  It reaffirmed the sliding scale approach after *Winter*, *see Wild Rockies*, 632 F.3d at 1131-36, and it held that the plaintiff was entitled to preliminary injunction under the "serious questions" test, *id.* at 1135-37 ("We conclude that [the plaintiff] has shown that there is a likelihood of irreparable harm; that there are *at least serious questions on the merits* concerning the validity of the Forest Service's Emergency Situation Determination; that the balance of hardships tips sharply in its favor; and that the public interest favors a preliminary injunction." (emphasis added)).

This Court should stick to the authoritative source: the mountain of Ninth Circuit precedent applying the sliding scale approach.

| | |
|---|---|
| Dated: September 18, 2025 | Respectfully submitted, |
| */s/ John J. Davis, Jr.* | */s/ Courtland L. Reichman* |
| John J. Davis, Jr. (SBN 65594)<br>  jjdavis@msh.law<br>Luke Dowling (SBN 328014)<br>  ldowling@msh.law<br>MCCRACKEN, STEMERMAN<br>  & HOLSBERRY LLP<br>475 – 14th Street, Suite 1200<br>Oakland, CA 94612<br>Tel.: (415) 597-7200; Fax: (415) 597-7201 | Courtland L. Reichman (SBN 268873)<br>  creichman@reichmanjorgensen.com<br>Brian C. Baran (SBN 325939)<br>  bbaran@reichmanjorgensen.com<br>REICHMAN JORGENSEN<br>  LEHMAN & FELDBERG LLP<br>100 Marine Parkway, Suite 300<br>Redwood Shores, CA 94065<br>Tel.: (650) 623-1401; Fax: (650) 560-3501 |
| *Attorneys for Plaintiff California State Pipe Trades Council* | Sarah O. Jorgensen (*pro hac vice*)<br>  sjorgensen@reichmanjorgensen.com<br>REICHMAN JORGENSEN<br>  LEHMAN & FELDBERG LLP<br>1201 West Peachtree St., Suite 2300<br>Atlanta, GA 30309<br>Tel.: (404) 609-1040; Fax: (650) 560-3501 |
| */s/ Matthew P. Gelfand*<br>Matthew P. Gelfand (SBN 297910)<br>  matt@caforhomes.org<br>CALIFORNIANS FOR HOMEOWNERSHIP, INC.<br>525 S. Virgil Ave.<br>Los Angeles, California 90020<br>Tel.: (213) 739-8206; Fax: (213) 480-7724 | |
| | */s/ Sean M. Kneafsey*<br>Sean M. Kneafsey (SBN 180863)<br>  skneafsey@kneafseyfirm.com<br>THE KNEAFSEY FIRM, INC.<br>707 Wilshire Blvd., Suite 3700<br>Los Angeles, CA 90017<br>Tel.: (213) 892-1200; Fax: (213) 892-1208 |
| *Attorney for Californians for Homeownership, Inc.* | |
| */s/ Angelo I. Amador*<br>Angelo I. Amador (*pro hac vice*)<br>  aamador@restaurant.org<br>RESTAURANT LAW CENTER<br>2055 L Street, NW, Suite 700<br>Washington, DC 20036<br>Tel.: (202) 331-5913 Fax: (202) 331-2429 | *Attorneys for Plaintiffs Rinnai America Corp., Noritz America Corp., National Association of Home Builders, California Manufacturers & Technology Association, California Restaurant Association, California Hotel & Lodging Association, California Apartment Association, and Plumbing-Heating-Cooling Contractors of California* |
| *Attorneys for Plaintiff Restaurant Law Center* | |

## ATTESTATION

In accordance with Civil Local Rule 5-4.3.4(a)(2)(i), I attest that each of the signatories have concurred in this filing's content and have authorized its filing.

Dated: September 18, 2025               By: */s/ Courtland L. Reichman*
                                              Courtland L. Reichman

3