# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 24-10482 PA (PDx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Motion for Injunction Pending Appeal ("Motion") filed by plaintiffs Rinnai America Corp., Noritz America Corporation, National Association of Home Builders, California State Pipe Trades Council, California Manufacturers & Technology Association, California Restaurant Association, Restaurant Law Center, Californians for Homeownership, Inc., California Hotel & Lodging Association, and California Apartment Association (collectively "Plaintiffs"). (Docket No. 85.) Defendant South Coast Air Quality Management District ("SCAQMD" or "District" or "Defendant") and intervening defendants, People's Collective for Environmental Justice, Sierra Club, and Industrious Labs (collectively "Intervening Defendants") have each filed an Opposition to the Motion, and Plaintiffs have filed a Reply.[1] (Docket Nos. 86-88.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument and vacates the hearing on the matter set for September 29, 2025 at 1:30 p.m.

## I. Background

This action concerns the SCAQMD's zero nitrous oxide ("NOx") emissions standard for certain appliances fueled by natural gas, Rule 1146.2 ("Rule"), adopted in June 2024. The Rule applies specifically to large water heaters and small boilers and process heaters fired with, or designed to be fired with, natural gas. Rule 1146.2(a). The Rule gradually phases in zero emission equipment compliance deadlines over nearly a decade, with deadlines differing by equipment type and capacity, and by whether the equipment will be installed in new or existing buildings. The first compliance deadline is January 1, 2026 ("Phase One"), and applies only to a

---

[1] The SCAQMD and Intervening Defendants are together referred to as "Defendants" in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District, et al. | | |

subset of appliances covered by the Rule that are installed in new construction.[2/] The compliance deadline for appliances in existing buildings will occur in 2029 at the earliest.[3/]

Plaintiffs filed this action on December 5, 2024, challenging the implementation of this Rule as preempted by the Energy Policy and Conservation Act ("EPCA"). (Docket No. 1.) Plaintiffs did not move for injunctive relief, but they moved for summary judgment on April 14, 2025. (Docket No. 50.) The District filed a cross motion for summary judgment. (Docket No. 58.) In its July 2025 summary judgment ruling, the Court agreed with the District, finding that the SCAQMD's zero NOx Rule was not preempted by the EPCA under the reasoning set forth in the Ninth Circuit's decision in Cal. Rest. Ass'n v. City of Berkeley, 89 F.4th 1094 (9th Cir. 2024) ("CRA"), and entered judgment in favor of Defendant. (Docket Nos. 81, 82.) In reaching this decision, the Court concluded that unlike the building code provision at issue in CRA, the Rule concerns the pollution that an appliance emits, rather than how much energy an appliance uses, and was therefore outside the scope of the narrow CRA holding.

On August 8, 2025, Plaintiffs filed a Notice of Appeal with the Ninth Circuit Court of Appeals, challenging the Court's ruling. (Docket No. 83.) In this Motion, Plaintiffs seek an injunction barring SCAQMD from enforcing Rule 1146.2 while the appeal is pending. Although they have not formally requested expedited briefing, Plaintiffs state in their Motion that they

---

[2/] The parties agree that Phase One is the only part of the Rule that would take effect during the pendency of the appeal. (Mot. at pp. 19, 26; SCAQMD Opp'n. at p. 17.) Phase One applies the zero NOx standard to instantaneous water heaters with a rated heat input capacity less than or equal to 200,000 British thermal unit (Btu) per hour, and Type 1 units, which are water heaters, boilers, and process heaters with a rated heat input capacity less than or equal to 400,000 Btu per hour. Excluded from Phase One are water heaters subject to the District's Rule 1121 (with rated heat input capacities less than 75,000 Btu per hour), pool heaters, high temperature units, and Type 2 units (water heaters, boilers, and process heaters with a rated heat input capacity greater than 400,000 Btu per hour). (Docket Nos. 50-2, Ex. 1; 60 at pp. 8–9.)

The District estimates that only 10% of appliances affected by the Rule over all compliance phases will be installations in new buildings. (SCAQMD Opp'n. at p. 18.) Moreover, only a portion of that 10% would be installed during Phase One. (Id.)

[3/] Even so, the Rule provides for alternative compliance options, including delaying replacement of existing appliances until appliances reach an age of either 15 or 25 years (depending on type) and extensions of up to five years under certain circumstances. (Docket No. 60 at pp. 9–10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District, et al. | | |

intend – or "will commit" – to doing so, irrespective of the Court's decision on the Motion for Preliminary Injunction. (Mot. at p. 13, n.4.)

## II. Legal Standards

### A. Preliminary Injunction Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted).

The "balance of equities" and "public interest" factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 434–35 (2009) (evaluating "harm to the opposing party and the public interest" in the context of considering a stay pending appeal, and noting that there is "substantial overlap" between these factors and the Winter factors); Porretti v. Dzurenda, 11 F.4th 1037, 1050 (9th Cir. 2021) ("The third and fourth factors of the preliminary-injunction test – balance of equities and public interest – merge into one inquiry when the government opposes a preliminary injunction."). "The 'balance of equities' concerns the burdens or hardships to [Plaintiff] compared with the burden on Defendants if an injunction is ordered. The 'public interest' mostly concerns the injunction's 'impact on nonparties rather than parties.'" Id. (citations omitted). Weighing the relative burdens and hardships on the parties in this matter is also related to the inquiry regarding the second Winter factor, the likelihood of irreparable harm, as many of the arguments necessarily overlap.

### B. Injunctions Pending Appeal

Under Federal Rule of Civil Procedure 62, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Federal Rule of Appellate Procedure 8 indicates that a party must move first in the district court for an order granting an injunction while an appeal is pending. Fed. R. App. P. 8(a)(1)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District, et al. | | |

"[C]ourts evaluate injunctions pending appeal using a standard that is "similar" to the one for preliminary injunctions, not one that is identical." NetChoice v. Bonta, 761 F. Supp. 3d 1232, 1235 (N.D. Cal. 2025). To do otherwise, would place the Court in the peculiar position of having "to decide that it was wrong before," in which case an injunction pending appeal "would be no different than reconsideration." Id. "Thus, it does not follow that parties need to meet the high bar for reconsideration to secure an injunction pending appeal." Id.

However, granting such an injunction remains "an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689 (2008) (citation omitted). Thus it is "[o]nly when the legal question raised is particularly important and 'serious questions going to the merits' have been raised should a district court consider such a course of action." NetChoice, 761 F. Supp. 3d at 1236 (citing All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011)). Moreover, Rule 62(c) ". . . grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.' Thus, any action taken pursuant to Rule 62(c) 'may not materially alter the status of the case on appeal.'" Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) ("NRDC") (citations omitted).[4/]

### III. Analysis

To be entitled to a preliminary injunction, Plaintiffs must demonstrate a likelihood that, absent the injunction, they will be irreparably harmed by Defendants' alleged unlawful conduct. See Winter, 555 U.S. at 21–22; see also All. for the Wild Rockies, 632 F.3d at 1135 ("To the extent prior cases applying the 'serious questions' test have held that a preliminary injunction may issue where the plaintiff shows only that serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor . . . they are superseded by Winter, which requires the plaintiff to make a showing on all four prongs.").

Under no circumstance may Plaintiffs obtain a preliminary injunction unless they can show that irreparable harm is not only possible, but likely to result in the absence of the injunction. See Winter, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."); see also Groupion, LLC v. Groupon, Inc., 826 F. Supp. 2d 1156, 1167 (N.D. Cal. 2011) (citing Winter, 555 U.S. at 20) (explaining that moving party must demonstrate that

---

[4/] Although the NRDC decision refers to Rule 62(c), Rule 62(c) is now codified in Rule 62(d), following the 2018 Rule revision. Fed. R. Civ. P. 62, Advisory Committee Notes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District, et al. | | |

alleged harm "is real, imminent and significant, not just speculative or potential"). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). [A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Id.

Here, Plaintiffs' irreparable harm claim is based on the following arguments: (1) the appliance manufacturer plaintiffs will suffer lost sales and revenues, the loss of customers, goodwill and market share; (2) the builder and hotel plaintiffs will suffer business disruptions and will need to reconfigure supply and distribution chains, relationships for service and even development and investment plans; and (3) the union plumber and plumbing contractor plaintiffs will lose contracts and work opportunities. (Mot. at pp. 13–15 and Declarations of Windsor, Hassel, Raymond, Prencavage Jr., Squire, Morhfeld, Ward, and Gelfand (Docket Nos. 85-2 – 85-9).)

Defendants argue that Plaintiffs' alleged harms are vague and speculative and fail to satisfy the requisite standard – that irreparable harm is likely, and not just possible. (SCAQMD Opp'n. at p. 17.) Defendants also argue that Plaintiffs' fail to provide specific evidence of the causal connection between the alleged harm and the implementation of Phase One. (Id. at pp. 21-22.) In their Reply, Plaintiffs argue that they have presented sufficient evidence of concrete, non-speculative harm that they will suffer as a result of the implementation of the Rule. (Reply at pp. 6-7.) Based on the Court's review of the evidence, the Court agrees with Defendants.

Plaintiffs fail to show that enforcement of Phase One will cause them irreparable harm during the pendency of the appeal. The evidence presented is not focused on irreparable harm caused by Phase One compliance. To the contrary, Plaintiffs either paint a very broad picture of the harm they might suffer (see Mot. at pp. 13-16; Hassel Decl. ¶¶ 10-11; Prencavage Decl. ¶ 4; and Mohrfeld Decl. ¶ 5), or claimed harm that would not occur until later phases of the Rule are implemented (see Mot. at 24; Windsor Decl. ¶ 10; Hassel Decl. ¶ 4). For instance, although Phase One applies only to a subset of appliances installed in new construction, the majority of Plaintiffs' evidence focuses on broad generalized categories of appliances, some of which will not ever be impacted by the Rule. (See SCAQMD Opp'n. at pp. 18–19.)[5]

---

[5] Moreover, much of the less speculative evidence Plaintiffs present concerning lost appliance sales during Phase One establishes compensable, economic harm – and not the irreparable harm necessary for injunctive relief. See Los Angeles Memorial Coliseum v. National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980) ("The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies.") (citing Sampson v. Murray, 415 U.S. 61, 88 (1974).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District, et al. | | |

Nor would an injunction prevent the claimed loss of market share, consumer goodwill or job opportunities, given that Plaintiffs admit that the industry has already begun to respond to the District's approval of the Rule, long before the start of its phased implementation. (See Mot. at pp. 13–14; Hassel Decl. ¶¶ 5–7, 9; Raymond Decl. ¶¶ 6–8, 10; Squire Decl. ¶ 5; Mohrfeld Decl. ¶ 3.) Simply stated, the causal link to implementation of the Rule is missing. There is no evidence that builders will change their choices of appliances for new construction projects if Phase One is temporarily enjoined. In fact the evidence submitted proves the opposite. (Id.). Plaintiffs themselves admit the long lead times and planning involved in new construction (see Mot. at pp. 16-18; Raymond Decl. ¶ 7) that would weigh against a finding of a change in industry behavior based on a temporary injunction. Plaintiffs thus fail to persuade the Court that an injunction pending appeal would actually prevent the alleged harm.

Lastly, the Court agrees with Defendants that Plaintiffs' claim of immediate and irreparable harm is undercut by their failure to request injunctive relief at the time they first filed this case, six months after the Rule was adopted. (See Compl. ¶ 37.) If injunctive relief is warranted pending appeal, the Court questions why Plaintiffs did not seek that relief in December 2024, or even earlier. Indeed, the Complaint alleges that the Rule was "already harming" many businesses that use natural gas for certain appliances. (Id. ¶ 2.) The fact that Plaintiffs did not seek injunctive relief based on that harm weighs against the finding of immediate and irreparable harm now. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1377 (9th Cir.1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").

In sum, Plaintiffs have failed to carry their burden of establishing that it will likely suffer irreparable harm in the absence of the requested injunctive relief. Because Plaintiffs have failed to satisfy this element of the Winter test, the Court does not reach the remaining elements for obtaining a preliminary injunction. See Winter, 555 U.S. at 20; see also Federated Indians of Graton Rancheria v. Haaland, No. 24-CV-08582-RFL, 2025 WL 271276, at *6 (N.D. Cal. Jan. 10, 2025) ("Because Plaintiff has failed to carry its burden to show a likelihood of immediate irreparable harm, the other factors need not be analyzed."); Tech. & Intellectual Prop. Strategies Grp., PC v. Fthenakis, No. C 11–2373 MEJ, 2012 WL 159585, at *4 n.6 (N.D. Cal. Jan. 17, 2012) ("Because Plaintiff has not established one of the required elements for obtaining a preliminary injunction (irreparable harm), the Court does not address the remaining elements.").[6]

---

[6] The Court notes, however, that had Plaintiffs met their burden of demonstrating the likelihood of imminent and irreparable harm, the balance of hardships factor would favor Defendants, who presented evidence and argument establishing the threat to the environment and public health that would result if the Court delayed implementation of the Rule. (See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10482 PA (PDx) | Date | September 29, 2025 |
|---|---|---|---|
| Title | Rinnai America Corp., et al. v. South Coast Air Quality Management District, et al. | | |

## Conclusion

For all of the foregoing reasons, Plaintiffs' Motion for Injunction Pending Appeal is denied.

IT IS SO ORDERED.

---

SCAQMD Opp'n. at pp. 24–26; Intervening Defendants' Opp'n. at pp. 17–19.)); see also All. for the Wild Rockies, 632 F.3d at 1134 (injunctive relief may issue upon showing of irreparable harm and the injunction is in the public interest, where there are serious going to the merits and a balance of hardships that tips sharply towards the plaintiff). This same evidence also establishes that an injunction in this case would not be in the public interest.